# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION



| | |
|---|---|
| DARRELL RAMON WILCOX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV405-19 |
| ) | |
| WILLIAM TERRY, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 7. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I. BACKGROUND

Petitioner was indicted in Chatham County on February 26, 1997 on charges of malice murder, felony murder with the underlying felony of aggravated assault, possession of a firearm during commission of a crime,

possession of cocaine with intent to distribute, and giving a false name to a law enforcement officer. Wilcox v. State, 271 Ga. 544 (1999). On January 15, 1998, petitioner was convicted by a jury on all counts, but the trial court vacated petitioner's felony murder conviction. Id. On February 5, 1998, the court sentenced petitioner to life imprisonment for the murder conviction, a consecutive five year sentence for the firearms conviction, and a concurrent thirty year sentence for the controlled substances conviction. Id. Petitioner appealed his conviction and sentence and they were affirmed on October 18, 1999. Id.

On August 28, 1999, petitioner filed a § 2254 petition with this court, which was dismissed on November 20, 2000 for failure to exhaust state remedies. Petitioner then filed a state habeas corpus petition in Hancock County on December 19, 2000. Resp. Exh. 1. The state habeas corpus court denied relief on June 27, 2003. Resp. Exh. 3. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal the denial of state habeas relief on March 29, 2004.

Petitioner executed the instant petition on February 4, 2005. Respondent moves to dismiss the petition as untimely under § 2244(d). Petitioner has filed a response to the motion.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year

limitation period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner's appeal was affirmed on October 18, 1999. Because petitioner did not file for certiorari with the United States Supreme Court within the prescribed 90-day period, his conviction became final on January 17, 2000.[1] Sup. Ct. R. 13. Between that date and August 28, 2000 when petitioner filed his first § 2254 petition in this Court, 224 days elapsed. The first federal petition was dismissed on November 20, 2000. Between that date and December 19, 2000 when petitioner filed his state habeas corpus petition, 29 days elapsed. The statute of limitations remained tolled until March 29, 2004 when the Georgia Supreme Court denied petitioner's application for certificate of probable cause.

However, on March 30, 2004, the one year limitations period began to run. Between that date and February 4, 2005 when petitioner filed the instant petition with this Court, 311 days elapsed. Therefore, by the time petitioner filed the instant petition, 564 days had elapsed. The petition is clearly untimely.

---

[1] Because the ninetieth day after October 16, 1999 was a Sunday, petitioner's conviction became final the next day. Sup. Ct R 30

Petitioner argues in his response brief that his petition is not untimely, citing the Eleventh Circuit's opinion in Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000). According to petitioner, the Eleventh Circuit held in Webster that when an initial § 2254 petition is dismissed by a district court without prejudice, the petitioner cannot be later penalized or prejudiced under the AEDPA when he refiles his petition. The Court has reviewed the Webster case and does not agree with petitioner's characterization of its holding. Rather, Webster addressed when a state petition is "properly filed" for the purposes of tolling § 2244(d)'s one year statute of limitations.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED, and the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 15th day of April, **2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## *Southern District of Georgia*

Darrell Ramon Wilcox )

vs ) CASE NUMBER CV405-19

William Terry ) DIVISION Savannah

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 4/15/05, which is part of the official record of this case.

Date of Mailing 4/15/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By *[signature]*
Deputy Clerk

**Name and Address**

Darrell Ramon Wilcox Smith State Prison GDC962844 P O Box 726 Glennville, GA 30427
Paula K Smith 40 Capitol Square, SW Atlanta, GA 30334
Jason Charles Fisher 40 Capitol Square, SW Atlanta, GA 30334

[ ] Copy placed in ___
[ ] Copy given to Judge
[X] Copy given to Magistrate